IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOYD JIM FLANNAGAN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-465-Y |
| | § | |
| REBECCA TAMEZ, Warden, | § | |
| FCI-Fort Worth, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

I. **FINDINGS AND CONCLUSIONS**

A. **Nature of the Case**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B. **Parties**

Petitioner Boyd Jim Flannagan, Reg. No. 05210-090, is a federal prisoner who is currently incarcerated in the Federal Correctional Institution (FCI-Fort Worth) in Fort Worth, Texas.

The Respondent is Rebecca Tamez, Warden of FCI-Fort Worth.

C. **Procedural History**

By the instant habeas petition, Flannagan challenges a disciplinary proceeding conducted at FPC Yankton, Federal Prison Camp, in Yankton, South Dakota, and the resultant loss of 40 days

good conduct time, forfeiture of 270 days of non-vested good conduct time, loss of telephone and visiting privileges, 60 days disciplinary segregation, and a disciplinary transfer to FCI-Fort Worth. (Resp't Appendix at 10-12)

On August 17, 2007, Flannagan was charged by incident report with the prohibited act of Conduct Which Disrupts, code 199 (most like) Possession, Manufacture, or Introduction of a Hazardous tool, code 108, after a search of his room revealed a cell phone and charger located in a concealed hole in a wall. Three other inmates were assigned to Flannagan's room. The contraband was found in a common area, easily accessible to anyone living in the cell. All four inmates denied ownership. Flannagan received a copy of the incident report, was advised of his rights in connection with the disciplinary proceeding, appeared for a disciplinary hearing before a disciplinary hearing officer (DHO) on September 6, 2007, and received a copy of the DHO's report.

At the hearing, Flannagan requested and was assigned a staff representative, denied the charges, and gave a statement that he was unaware of the hole in the wall or the cell phone. After reviewing the evidence, including the incident report, Flannagan's and his staff representative's statements, and Bureau of Prisons Program Statement 5270.7, requiring inmates to keep their assigned areas free of contraband, the disciplinary hearing officer (DHO) found that constructive possession applied and found Flannagan guilty of the charged offense. Flannagan filed an appeal to the Regional Director on September 26, 2007. Thereafter, on October 9, 2007, Flannagan asserts he discovered that one of his former roommates, Inmate Delbert Grant, had come forward and claimed responsibility for the contraband cell phone. (Pet'r Memorandum of Law at 3)

After bringing this fact to prison officials, Flannagan claims he was told his only recourse at that juncture was to follow the normal administrative appeal process. (*Id.* at 7) After exhausting

2

his administrative remedies, to no avail, Flannagan filed the instant habeas corpus petition. The respondent has filed a response and motion for summary judgment, with supporting documentary exhibits, to which Flannagan has replied.

**D.** **Issues**

Flannagan claims he was deprived of a liberty interest in 100% of his non-vested good conduct time and 75% of his good conduct time credits without due process of law under *Wolf v. McDonnell*, 418 U.S. 539, 563-66 (1974). Flannagan urges that he is entitled to relief because there was no evidence for the DHO to find him guilty and the responsible person has come forward and confessed to the charges. (*Id.* at 8) He seeks restoration of his lost good time credits and expungement of the disciplinary charges from his record.

**E.** **Discussion**

The government moves for summary judgment on the grounds that there are no genuine issues of material fact that exist. (Resp't Mot. to Dismiss at 4-5.) In the context of prison disciplinary proceedings resulting in the loss of good time credits, an inmate is entitled to minimum due process requirements, which include the requirement that there exist "some evidence" in support of the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-55 (1986); *Wolff,* 418 U.S. at 563-66. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill*, 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the DHO. *Id.* at 455-56.

In this case, in conjunction with Program Statement 5270.7, there was some evidence to support the guilty finding. The DHO reviewed the statement of the reporting staff and the

statements of petitioner and his staff representative. Flannagan's argument that constructive possession is insufficient to support the guilty finding is not persusive. A person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located. *United States v. Fambro,* 526 F.3d 836, 839 (5th Cir. 2008). In the prison disciplinary context, constructive possession provides sufficient evidence of guilt if, as in this case, relatively few inmates have access to the area. *See McClung v. Hollingsworth,* 2007 WL 1225946, at *3 (4th Cir. April 26, 2007) (contraband found in cell that was the exclusive domain of the inmate and his cellmate); *Santiago v. Nash,* 224 Fed. Appx. 175, 177 (3rd Cir. Mar. 23, 2007) (contraband found taped to inmate's bed was sufficient evidence where only a small number of inmates were potentially guilty of the offense charged); *Henderson v. Morris*, 2007 WL 4289978, at*3 (E.D. Texas Dec. 3, 2007); *Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir. 1992) (constructive possession provides some evidence of guilt where only two inmates have access to the contraband). *Compare Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001) (constructive possession insufficient evidence where one hundred inmates had access to work area). This court is not free to retry the disciplinary charge and substitute its opinion for that of the DHO under these circumstances. Therefore, Flannagan is not entitled to relief.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that respondent's motion for summary judgment be granted to the extent that this petition for writ of habeas corpus be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 12, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 12, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 19, 2009.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE